IN THE UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| UNITED STATE OF AMERICA | * | |
| V. | * | CASE NO. 14CR-00291 |
| JOHN MELVIN HASTIE, JR. | * | |

**Motion for Severance under Rule 14(a) and/or in the
Alternative for Misjoinder under Rule 8(b).**

Defendant, John Hastie, by and through undersigned counsel, moves this court to sever the count in the indictment in which he is charged from the other counts and as grounds shows as follows:

1. Defendant John Hastie has been prejudicially joined as a defendant in the indictment and is entitled to severance pursuant to rule 14.
2. John Hastie is a private citizen charged only with a tax crime.  He has been improperly joined as a defendant in a public corruption case. The tax crime for which he is charged is unrelated to public office or public duties or the other crimes charged; he deserves to have a jury decide his fate, free and clear of all the prejudicial clutter that is irrelevant to his case.
3. Although the offenses listed in counts 1-17 and count 18 are totally unrelated, the mere allegations of each before a jury will work severe prejudice and harm to defendant. Common sense dictates that a jury would be more inclined to convict, and would convict on a lesser standard of evidence, upon hearing evidence of additional serious allegations against defendant's wife even though the trial concerning him only consists of one charge. Limiting instructions by the Court, no matter how sincerely propounded, could not overcome human nature.
4. The dangers of transference of guilt from one to another across the line separating conspiracies, subconsciously or otherwise, are so great that no one can say prejudice to

substantial right has not taken place. *Kotteakos v. United States, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946).*

5. The only nexus between John Hastie and the rest of the indictment is his wife, Kim Hastie. For aught that appears, he has been thrown into the mix by the Government solely for the prejudicial purpose of sullying his wife's character in her public corruption trial.

6. The Due Process Clause of the Fourteenth Amendment of the United States Constitution should provoke the Court's discretion to order a separate trial of count 18. The slight burden imposed on the Government's judicial machinery will be more than offset by the heightened likelihood of defendant being accorded a fair and impartial trial on the sole count involving him as opposed to the present circumstances which will result in an unfair, biased, and prejudicial trial.

7. The joinder of counts 1 through 17 with count 18 also fails to satisfy Rule 8(a) of the Federal Rules of Criminal Procedure.

8. Count 18 in which John Hastie and Kim Hastie are charged is not of the same or similar in character, or based on the same act or transaction or connected with or constitute parts of the common scene or plan alleged in counts 1 -17.

9. The joinder of counts 1 through 17 with count 18 also fails to satisfy Rule 8(b) of the Federal Rules of Criminal Procedure.

10. Counts one through seventeen (17) charged Kim Hastie and Ramona Yeager with various offenses occurring from July 12, 2012 until sometime in April 2014.

11. Counts 1-15 charge Kim Hastie and Yeager with mail and wire fraud conspiracy in their capacities as officials in the Mobile County License Commission office.

12. Count 16 alleges that Kim Hastie made a false statement to an FBI investigator during his investigation of the Kim Hastie/Yeager conspiracy investigation.

13. Count 17 charges Kim Hastie with unlawfully disclosing email addresses in her capacity as License Commissioner.

14. Count 18 charges John Hastie of conspiring with Kim Hastie to defraud the United States by not reporting income on their tax returns.

15. The overt acts allegedly made in furtherance of the conspiracy charged in Count 18 concern the Hasties failing to report income made in 2009 on their 2010 tax return

and the potential non-reporting of income on their 2015 tax return for monies earned in 2014.

16. There is no time overlap between count 18 in which John Hastie is charged and the other counts charged in the indictment. The overt acts charged in Count 18 to support the government's theory of a conspiracy to defraud occurred either two years before the conspiracy had commenced in counts 1-17 or 4 months after it had concluded.

17. The underlying statues allegedly violated in counts 1-17 are not the same as the underlying statute supporting the charge in count 18.

18. Rule 8(b) of the FRCrP allows for an indictment to charge two or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transaction, constituting an offense or offenses.

19. The offenses alleged in Counts 1-17 are not the same act or transaction, or in the same series of acts or transactions, constituting an offense as the acts or transactions alleged count 18.

20. The government has misjoined two separate and disparate conspiracies in one indictment.

Wherefore, movant prays that this Honorable Court will order that a separate trial be had on count 18 of the indictment.

Respectfully submitted,

S/T. JEFFERSON DEEN, III
Post Office Box 2705
Mobile, Alabama 36652
251-433-5860

**Certificate of Service**

I do hereby certify that I have on this the 11th day of February, 2015, electronically filed the foregoing with the Clerk of Court.

S/T. JEFFERSON DEEN, III