# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | **Criminal No.  14-00291-CG** |
| **v.** | * | |
| | * | |
| **KIMBERLY SMITH HASTIE and** | * | |
| **JOHN MELVIN HASTIE JR.** | * | |

## UNITED STATES' PROPOSED FINAL JURY INSTRUCTIONS FOR COUNT 18

COMES NOW the United States, by and through the United States Attorney for the Southern District of Alabama, and submits the following proposed final jury instructions for Count 18.

The United States provided proposed jury instructions to the defendants for their review on April 21, 2015.  Both defendants have indicated that they agree with the United States' proposed jury instructions.  The United States understands that the defendants will separately file any requested additional pattern jury instructions not provided below.

Unless otherwise noted, all pattern instructions included are essentially verbatim renditions of the Eleventh Circuit Pattern Jury Instructions.  Depending on how the trial progresses, the United States may request additional instructions not included in these proposed instructions.  Likewise, some of the instructions included in these proposed instructions may be unnecessary.

Respectfully submitted this 22nd day of April, 2015.

> KENYEN R. BROWN
> UNITED STATES ATTORNEY
>
> By: */s/ Sinan Kalayoglu*
> Sinan Kalayoglu
> Assistant United States Attorney
> 63 South Royal Street, Suite 600
> Mobile, Alabama 36602
> (251) 441-5845
> sinan.kalayoglu@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that I have filed the foregoing pleading with the clerk of the Court using CM/ECF, which automatically serves a copy of the same upon counsel for the defendant this the 22nd day of April, 2015.

> By: */s/ Sinan Kalayoglu*
> Sinan Kalayoglu
> Assistant United States Attorney

# 1
# Introduction

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions you will go to the jury room and begin your discussions ─ what we call your deliberations.

You must find whether the Government has proved the specific facts necessary to find the Defendants guilty beyond a reasonable doubt.

**2.1 or 2.2**
**The Duty to Follow Instructions**
**And the Presumption of Innocence**

Your decision must be based only on the evidence presented during the trial.  You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it — even if you do not agree with the law — and you must follow all of my instructions as a whole.  You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a Defendant isn't evidence of guilt.  The law presumes every Defendant is innocent.  The Defendant does not have to prove his or her innocence or produce any evidence at all.  <u>A Defendant does not have to testify, and if a Defendant chose not to testify, you cannot consider that in any way while making your decision.</u>[1]  The Government must prove guilt beyond a reasonable doubt.  If it fails to do so, you must find the Defendant not guilty.

---

[1] Basic Instruction 2.1 and 2.2 are identical other than this sentence.  Whether this sentence needs to be given will depend on whether one or more of the defendants choose not to testify on their own behalf.

4

**3**
**Definition of "Reasonable Doubt"**

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all possible doubt.  The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs.  If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so.  If you are not convinced, say so.

**4**
**Consideration of Direct and Circumstantial Evidence;**
**Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes testimony of witnesses and the exhibits admitted.  But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case.   Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence, you may use reasoning and common sense to make deductions and reach conclusions.  You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact.  There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**5**
**Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision, you may believe or disbelieve any witness, in whole or in part.  The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

## 6.1
## Impeachment of a Witness Because of
## Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact.  And ask whether there was evidence that at some other time a witness said or did something or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it.  People naturally tend to forget some things or remember them inaccurately.  So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception.  The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**6.7**
**Impeachment of Witness Because of Bad Reputation for**
**(or Opinion about) Truthfulness**

There may also be evidence tending to show that a witness has a bad reputation for truthfulness in the community where the witness resides, or has recently resided; or that others have a bad opinion about the witness's truthfulness.

You may consider reputation and community opinion in deciding whether to believe or disbelieve a witness.

**7**
**Expert Witness**

When scientific, technical, or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

**9.1B**
**On or About; Knowingly; Willfully – Intentional Violation of Known Legal Duty**

You'll see that the indictment charges that a crime was committed "on or about" a certain date.  The Government doesn't have to prove that the crime occurred on an exact date.  The Government only has to prove beyond a reasonable doubt that the time was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was done voluntarily and purposely with the specific intent to violate a known legal duty, that is, with the intent to do something the law forbids.  Disagreement with the law or a belief that the law is wrong does not excuse willful conduct.

**8**
**Introduction to Offense Instructions**

I will now summarize the charge in the indictment for you.  You'll be given a copy of the indictment to refer to during your deliberations.

This is a single-count indictment charging defendants Kimberly Hastie and John Hastie Jr. with conspiring to achieve personal financial gain through tax evasion.

I will explain the law governing this conspiracy offense in later instructions.

**13.6**
**Conspiracy to Defraud the United States**
**18 U.S.C. § 371**

It's a Federal crime for anyone to conspire or agree with someone else to defraud the United States or any of its agencies.

To "defraud" the United States means to cheat the Government out of property or money or to interfere with any of its lawful governmental functions by deceit, craft, or trickery.

A "conspiracy" is an agreement by two or more persons to commit an unlawful act.  In other words, it is a kind of partnership for criminal purposes.  Every member of the conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the indictment were members of the plan, or that those who were member made any kind of formal agreement.  The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

The Government does not have to prove that the members planned together all the details of the plan or the "overt acts" that the indictment charges would be carried out in an effort to commit the intended crime.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) Two or more people in some way agreed to try to accomplish a shared and unlawful plan;

(2) The Defendant knew the unlawful purpose of the plan and willfully joined in it;

(3) During the conspiracy, one of the conspirators knowingly engaged in at least one overt act described in the indictment; and

(4) The overt act was knowingly committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy.

13

An "overt act" is any transaction or event, even one which may be entirely innocent when viewed alone, that a conspirator commits to accomplish some object of the conspiracy.

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If the Defendant played only a minor part in the plan, but had a general understanding of the unlawful purpose of the plan — and willfully joined in the plan on at least one occasion — that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy.  Also, a person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

**9**
**Good-Faith Defense to Willfulness**
**(as under the Internal Revenue Code)**

Good-Faith is a complete defense to the charge in the indictment since good-faith on the part of the Defendant is inconsistent with willfulness, and willfulness is an essential part of the charge.  If the Defendant acted in good faith, sincerely believing himself or herself to be exempt by the law from the witholding of income taxes, then the Defendant did not intentionally violate a known legal duty – that is, the Defendant did not act "willfully."  The burden of proof is not on the Defendant to prove good-faith intent because the Defendant does not need to prove anything. The Government must establish beyond a reasonable doubt that the Defendant acted willfully as charged.

Intent and motive must not be confused.  "Motive" is what prompts a person to act."  It is why the person acts.

"Intent" refers to the state of mind with which the act is done.

If you find beyond a reasonable doubt that the Defendant specifically intended to do something that is against the law and voluntarily committed the acts that make up the crime, then the element of "willfulness" is satisfied, even if the Defendant believed that violating the law was required or that ultimate good would result.

**17**
**Good-Faith Defense[2]**

"Good faith" is a complete defense to the charge in the indictment, which requires proof of intent to defraud.  A defendant isn't required to prove good faith.  The Government must prove intent to defraud beyond a reasonable doubt.

An honestly held opinion or an honestly formed belief cannot be fraudulent intent — even if the opinion or belief is mistaken.  Similarly, evidence of a mistake in judgment, an error in management, or carelessness cannot establish fraudulent intent.

---

[2] This proposed instruction deviates from the pattern instruction, and is only appropriate if there is some evidentiary foundation to support a defendant's claim of good faith.  See Eleventh Cir. Pattern Jury. Ins., Special Inst. No. 17 (annotations and comments).

**18**
**Good-Faith Reliance Upon Advice of Counsel[3]**

Good-faith is a complete defense to the charge in the indictment, because the Government must prove beyond a reasonable doubt that the Defendant acted with a bad purpose to disobey or disregard the law.

Evidence that the Defendant in good-faith followed the advice of counsel would be inconsistent with such an unlawful intent.

Unlawful intent has not been proved if the Defendant, before acting:

(1) Made a full and complete good-faith report of all material facts to an attorney he or she considered competent;

(2) Received the attorney's advice as to the specific course of conduct that was followed; and

(3) Reasonably relied upon the advice in good-faith.

---

[3] This proposed instruction deviates from the pattern instruction, and is only appropriate if there is some evidentiary foundation to support a defendant's claim of good faith.  See Eleventh Cir. Pattern Jury. Ins., Special Inst. No. 18 (annotations and comments).

**10.3**
**Caution: Punishment**
**(Multiple Defendants, Single Count)**

You must consider the case of each Defendant and the evidence related to it separately and individually. If you find one Defendant guilty, that must not affect your verdict for any other Defendant.

I caution you that each Defendant is on trial <u>only</u> for the specific crime alleged in the indictment.  You're here to determine from the evidence in this case whether each Defendant is guilty or not guilty.

You must never consider punishment in any way to decide whether a Defendant is guilty. If you find a Defendant guilty, the punishment is for the Judge alone to decide later.

**5**
**Note-Taking**

You've been permitted to take notes during the trial.  Most of you — perhaps all of you — have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations.  You must not give your notes priority over your independent recollection of the evidence.  And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

**11**
**Duty to Deliberate**

Your verdict, whether guilty or not guilty, must be unanimous - in other words, you must all agree.  Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors.  So you must discuss the case with one another and try to reach an agreement.  While you're discussing your case, don't hesitate to reexamine your own opinion or change your mind if you become convinced that you were wrong.  But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges - judges of the facts.   Your only interest is to seek the truth from the evidence in the case.

**12**
**Verdict**

When you get to the jury room, choose one of your members to act as a foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain Verdict Form]

Take the verdict form with you to the jury room. When you've all agreed on the verdicts, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible — either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.