**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. 14-00291-CG** |
| | ) | |
| **KIMBERLY SMITH HASTIE, et al.** | ) | |

### UNITED STATES' MOTION TO CONTINUE TRIAL

Comes now the United States of America, by and through the United States Attorney for the Southern District of Alabama, and files this motion requesting that the Court continue the trial for Count 18 of the superseding indictment for two weeks in the interests of justice.   The United States also requests that the Court conduct a hearing to address the below matters.

The United States is actively investigating allegations of jury tampering.  The United States previously filed 404(b) notice with the Court in connection with alleged acts of jury tampering.  Doc. 198.  In addition to the allegations contained therein, the United States has recently learned that law enforcement officials acting in the defendants' interests may have contacted several prospective jurors prior to voir dire to speak with these jurors about subject matters concerning the trial.   The United States believes that it is possible that several contacted jurors may have been selected to serve on the jury for the upcoming trials.   Ultimately, the United States' concern is that alleged acts of jury tampering may have tainted one or more of the jury panels from voir dire on April 27, 2015.

It is imperative that any trial commence free from any clouds of jury tampering.  The Supreme Court has held:

> In a criminal case, any private communication, contact, or tampering directly or indirectly, with a juror during a trial about the matter pending before the jury is, for obvious reasons, deemed presumptively prejudicial, if not made in pursuance of known rules of the court and the instructions and directions of the court made during the trial, with full knowledge of the parties.

Remmer v. United States, 347 U.S. 227, 229 (1954); see also Boyd v. Allen, 592 F.3d 1274, 1305 (11th Cir. 2010) ("The 'presumption of prejudice' arises upon a showing of two elements:   that an extraneous contact with or by a member of the jury took place, and that the contact was 'about the matter pending before the jury.'") (quoting Remmer, 347 U.S. at 229).

The fact that several prospective jurors appear to have been queried by individuals connected to the defendants may have put contacted prospective jurors under strain.   Such querying also raises an inference that other jurors unknown to the United States may have been contacted and, potentially, improperly influenced.   The United States needs additional time to determine whether the allegations concern isolated incidents or are somehow more endemic.

Accordingly, to protect the sanctity of the jury selection process and remove any presumption of prejudice against any party, the United States respectfully requests a two-week continuance[1] and a hearing to address allegations of jury tampering.   Although the United States is prepared for trial on April 28, 2015, it is critical that all parties have a fair trial.   A two-week continuance would provide the United States time to investigate and vet allegations of jury tampering.

Respectfully submitted on April 27, 2015.

KENYEN R. BROWN
UNITED STATES ATTORNEY

By: /s/ GREGORY A. BORDENKIRCHER
Gregory A. Bordenkircher (BORDG3301)
Assistant United States Attorney
United States Attorney's Office
63 South Royal Street, Suite 600
Mobile, Alabama 36602
Telephone: (251) 441-5845

---

[1] The Court held a pretrial conference on April 14, 2015, at which the parties notified the Court of their conflicts and the approximate time needed for their cases-in-chief.   Doc. 171.   The United States stated that a government witness for both trials would be unavailable April 29-30 and May 1-8.

By: */s/ SINAN KALAYOGLU*
Sinan Kalayoglu (kalas9469)
Assistant United States Attorney
United States Attorney's Office
63 South Royal Street, Suite 600
Mobile, Alabama 36602
Telephone: (251) 441-5845

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record for the defendants.

*/s/ GREGORY A. BORDENKIRCHER*
Gregory A. Bordenkircher
Assistant United States Attorney

*/s/ SINAN KALAYOGLU*
Sinan Kalayoglu
Assistant United States Attorney